IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSARA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-084-MN |
| | ) | |
| MOTIVE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SAMSARA'S RESPONSE TO MOTIVE'S NOTICE OF
ARBITRATION DEVELOPMENTS (D.I. 44)**

OF COUNSEL:
Ellisen S. Turner, P.C.
Ali-Reza Boloori
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
(310) 552-4200

Joseph A. Loy, P.C.
Joshua L. Simmons, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Jeanne M. Heffernan, P.C.
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

Dated: June 20, 2024

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Emily DiBenedetto (No. 6779)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0701
jshaw@shawkeller.com
kkeller@shawkeller.com
edibenedetto@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Plaintiff Samsara Inc.*

Samsara submits this response to Motive's June 19, 2024 improper and incomplete "Notice of Arbitration Developments" (D.I. 44). On February 28, 2024, Motive prematurely filed a demand for arbitration to sidestep this Court's exclusive jurisdiction to decide whether the parties formed an agreement that contains an arbitration clause, *i.e.*, contract formation. Motive's "Notice" includes a new request to transfer or stay this action based on the results of that procedural gambit, and it should be rejected. Motive should instead be held to its prior concession, in accord with the controlling authority from the U.S. Supreme Court and the Courts of Appeals for the Third and Ninth Circuits, that contract formation issues are exclusively the province of this Court.

**A.   The Law and Motive's Concessions Are in Accord—The Arbitrator Lacked Jurisdiction to Decide Disputed Contract Formation Issues**

Motive previously conceded, in a paper filed with this Court, that based on Supreme Court precedent "if there is an actual issue of contract formation, it must be decided by the court." D.I. 42 at 1 (citing *Coinbase, Inc. v. Suski*, 602 U.S. __, 144 S. Ct. 1186 (2024)) (emphasis added). That concession is consistent with controlling law on this point, which is clear and conclusive. *See* D.I. 33 at 7–9 (citing Supreme Court and Third Circuit precedent); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991) ("[A] party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate. Only a court can make that decision." (footnote omitted, emphasis added)).[1] Under no circumstances may a court refer disputed

---

[1] *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 144 (3d Cir. 2022) ("Courts have the authority to adjudicate formation challenges—even if there is a delegation clause—unless the parties have clearly and unmistakably referred formation issues to arbitration in a written contract whose formation is not in issue." (emphasis added)); *MZM Construction Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 401-02 (3d Cir. 2020); *Najarro v. Superior Ct.*, 70 Cal. App. 5th 871, 885–86 (2021), *as modified* (Oct. 22, 2021) ("[C]laims of fraud in the execution of the entire agreement are not arbitrable under either state or federal law." (quotation omitted, emphasis added)).

contractual formation issues to an arbitrator when one party is contesting mutual assent and asserting fraud in the execution, as Samsara is doing here. That remains true even where the alleged arbitration agreement includes an arbitration clause delegating formation issues to an arbitrator. *MZM*, 974 F.3d at 397, 399–402

Despite its concession and the controlling authority, Motive concurrently asked the arbitrator to decide contract formation. Samsara opposed, explained that the arbitrator lacked jurisdiction to decide formation and should at least prudentially await this Court's ruling, and respectfully noted that should the arbitration proceed on the merits, Samsara would have to file a motion to enjoin the arbitration. During an initial call with the Arbitrator, Motive again agreed that the Court must decide contract formation, and merely asked that the Arbitrator proceed in parallel. While Samsara continued to object to all arbitral proceedings and contest jurisdiction, it understood that the only decision the Arbitrator intended to make was whether he could proceed in parallel while the Court decided contract formation (Samsara maintained that the Arbitrator could not). Surprisingly, however, the Arbitral Order purported to decide contract formation despite the law, and Motive's concession, that the Arbitrator cannot decide that issue.

The Arbitrator's order did not address Motive's concessions, or the controlling authority cited above, that the court and not the Arbitrator must resolve whether an agreement to arbitrate was formed in the first place. Instead, the arbitral ruling relies on precedent regarding the arbitrator's authority to resolve "arbitrability" of specific claims. *See* D.I. 44-2 at 5–6. But "arbitrability" is an altogether different question from contract formation—*i.e.*, whether an agreement to arbitrate was formed in the first place. Respectfully, Samsara disagrees with the Arbitrator's ruling and is seeking reconsideration. Meanwhile, to preserve its rights, Samsara intends to file a motion with this Court to enjoin Motive from proceeding with arbitration until this

Court rules on contract formation questions that are exclusively in this Court's jurisdiction.

## B. The ITC Has Already Rejected Motive's Attempt to Terminate the ITC Investigation of Samsara's Patent Claims in Favor of Arbitration

In briefing on its failed motion to terminate the concurrent proceedings in U.S. International Trade Commission (ITC) in favor of arbitration, Motive again conceded that the Administrative Law Judge (ALJ), not an arbitrator, must decide contract formation. *See* D.I. 41 at 2. Yet, Motive's Notice (at 2) asserts that "all of Samsara's claims asserted against Motive in … the International Trade Commission are subject to binding arbitration." The ITC already ruled otherwise, rejecting Motive's attempt to arbitrate the claims and finding that "there is no valid arbitration agreement relating to" Samsara's patent infringement claims. Ex. A at 7. Thus, at least one tribunal had already found, *before* the Arbitrator's order issued, that claims in Motive's Demand for Arbitration are not arbitrable because they are outside the scope of the asserted arbitration clause (even if any contract was formed, which it was not). Motive cannot collaterally attack the ALJ's determination here.

## C. The Arbitrator Has Not Resolved Disputes Regarding Arbitrability

Motive's conclusion that "Judge Ware has determined that, as Motive argued, all claims Samsara asserted against Motive in this Court and the International Trade Commission are arbitrable before him," D.I. 44 at 1, is incorrect. Judge Ware stated that "this Order resolves the issues of arbitrability of contract formation." D.I. 44-2 at 3. Samsara contends this is outside the Arbitrator's authority to decide. As to which claims would subsequently be arbitrable, any arbitral ruling would be premature. The parties have not yet briefed such arbitrability issues before Judge Ware and his decision therefore cannot extend to them. Instead, arbitrability questions remain outside of the Arbitrator's jurisdiction unless and until this Court finds contract formation, which it should not for the reasons stated in Samsara's opposition brief. D.I. 33 at 7–9.

3

OF COUNSEL:
Ellisen S. Turner
Ali-Reza Boloori
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
(310) 552-4200

Joseph A. Loy
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue,
New York, NY 10022
(212) 446-4980

Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX  78701
(512) 678-9100

Dated: June 20, 2024

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Plaintiff Samsara Inc.*